```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION

CORD HARRIS,                       )
                                   )
            Plaintiff,             )
                                   )
     v.                            )    No.  13 C 5470
                                   )
COOK COUNTY MUNICIPALITY           )
OFFICER CARREELL, et al.,          )
                                   )
            Defendants.            )
```

<u>MEMORANDUM ORDER</u>

Upon receipt of the Judge's copy of the self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint that had been filed by Cook County Jail inmate Cord Harris ("Harris") on July 31 of this year, this Court promptly issued a brief August 5 memorandum order ("Order") that identified three problems with the Complaint and allowed three weeks for their correction.  To assist Harris with part of that process, copies of certain Clerk's-Office-supplied forms were transmitted to Harris together with his copy of the Order.

Now Harris has timely responded by filing a Motion for Leave To File an Amended Complaint, together with some attachments.  Because that submission has not cured all of the problems identified in the Order, this Court hastens to provide directions to Harris once again.

First, as to his need to exhaust all available administrative remedies, as required by 42 U.S.C. §1997e(a) as a precondition to filing suit, Harris has narrated efforts that he

made along those lines.  Although defendants will be allowed to question or challenge Harris' position on that score, the appropriate course of action under the circumstances is to treat Harris' assertions as presumptively adequate, with final resolution to await full development after the case is deemed to have been filed.

But as to the next requirement identified in the Order--Harris' need either (1) to pay the $350 filing fee or (2) to submit an In Forma Pauperis Application ("Application") together with a printout showing all transactions in his trust fund account at the County Jail to enable this Court to make the calculation called for by 28 U.S.C. §1915 ("Section 1915")--Harris has tendered only the first of those:  the Application. For some inexplicable reason, however, the Application has been accompanied by a printout covering the period from December 31, 2011 to October 16, 2012, instead of the time frame called for by Section 1915 and the Order:  the months of February through July, <u>2013</u>.  Although the Order had said that Harris' noncompliance with its directive would call for dismissal of the Complaint, this Court will give him one more chance to comply--but if the proper printout is not received in this Court's chambers on or before August 29, dismissal will follow.

Finally in terms of the Order, Harris has completed and submitted the form of Motion for Attorney Representation

("Motion"). If his lawsuit proceeds, this Court would be prepared to grant that motion (that should not be misconstrued as any expression of this Court's views on the merits of Harris' case), a procedure that would assist not only Harris but also the defendants (whose counsel would then be dealing with opposing counsel rather than with nonlawyer Harris) and this Court as well.

All of that said, this Court turns finally to Harris' request to be given leave to file an Amended Complaint. If he does satisfy the requirements for in forma pauperis status, he may indeed submit an Amended Complaint. But that must be done by his providing a self-contained document to replace the original Complaint, rather than filing a piecemeal addition to the original.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 15, 2013